**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| LORI WURZER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-0866-CV-W--SRB |
| | ) |
| NEW YORK LIFE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment for Failure to State a Claim. (Doc. #14). Plaintiff argues Defendant's counterclaim should be dismissed for failure to state a claim because the counterclaim is simply a reassertion of Defendant's affirmative defenses to Plaintiff's claims, and "[d]eclaratory relief is not to be invoked where an adequate remedy already exists." (Doc. #14, p. 3) (citing *Preferred Physicians Mut. Management Group, Inc. v. Preferred Physicians Mut. Risk Retention Group*, 916 S.W.2d 821, 824 (Mo. App. W.D. 1995)). Defendant argues its counterclaim asks the Court to rule on the validity of a contract separate from the contracts that provide the basis for Plaintiff's claims set forth in her Petition. Defendant identifies the contract underlying its counterclaim as "Certificate No. A8690759," while Plaintiff identifies the contracts underlying her claims as "Policy No. AA-66, Certificate No. A8262319" and an insurance rider to that policy. (Doc. #17, p. 1; Doc. #1-1, pp. 2–3). Accordingly, Defendant's affirmative defenses do not provide Defendant an adequate remedy as to "Certificate No. A8690759," and Defendant's counterclaim "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *McCaffree Fin. Corp. v. Principal Life Ins. Co.*, 811 F.3d 998, 1002 (8th Cir.

2016) (internal quotations and citations omitted).  Plaintiff's Motion to Dismiss Defendant's Counterclaim for Declaratory Judgment for Failure to State a Claim (Doc. #14) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  January 3, 2019